IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| LIZDEMAR NAJERA, § <br> § <br> *Plaintiff,* § <br> § Civil Action Number: 4:22-CV-00084 <br> VS. § <br> § <br> WARD K. SNIDER TRUCKING § <br> LLC; HAYWARD WALTON; and § <br> PROGRESSIVE MOUNTAIN § <br> INSURANCE COMPANY, § <br> § <br> *Defendants.* § | |

## ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Lizdemar Najera, brings this Original Complaint and Demand for Jury Trial against Defendants Ward K. Snider Trucking LLC, Hayward Walton, and Progressive Mountain Insurance Company (collectively referred to as "Defendants") and alleges as follows:

### PARTIES

1. Plaintiff, Lizdemar Najera, is a Texas citizen who resides in El Paso, Texas.

2. Defendant, Ward K. Snider Trucking LLC ("Ward Snider"), is a limited liability company organized under the laws of Georgia. Its principal office is located at 3998 GA Hwy 26 East, Buena Vista, Georgia 31803 and at

least one of its members is a citizen and resident of the State of Georgia. Ward Snider may be served with process by serving its registered agent, Deborah Porter, at 3627 Canyon Springs Drive, Oakwood, Georgia, 30566.

3. Defendant, Hayward Walton ("Walton"), is a citizen of Georgia who resides in Buena Vista, Georgia. Defendant Walton may be served with process at his last known residence, 2334 Hwy 26 West, Buena Vista, Georgia 31803, or wherever he may be found.

4. Defendant Progressive Mountain Insurance Company ("Progressive"), is a foreign for-profit corporation, organized and existing under the laws of Ohio. Defendant Progressive's principal place of business is located at 6300 Wilson Mills Road, Mayfield Village, OH 44143. Defendant Progressive may be served with process by serving its registered agent CT CORPORATION SYSTEM at 289 S Culver St, Lawrenceville, Georgia, 30046-4805.

## VENUE AND JURISDICTION

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Georgia. Specifically, the crash that makes the basis of this lawsuit occurred in Chattahoochee County, Georgia, which is located in the Columbus Division of the Middle District of Georgia.

6. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000 and Plaintiff and all Defendants have expressly or impliedly consented to this Court's jurisdiction.

7. This Court has specific personal jurisdiction over the Defendants because they purposely directed their activities at Georgia and the litigation is the result of injuries that arise out of, and relate to, those activities. In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to drive a vehicle on the roadways of Georgia and their failure to exercise ordinary care while doing so. Defendants should have reasonably anticipated being haled into court in Georgia given the substantial connection between their activities in Georgia and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their tortious activities in Georgia, and this Court's personal jurisdiction over these Defendants in this action arises from that nexus. Defendants themselves created the contacts with Georgia; they purposefully availed themselves of the privilege of conducting activities within Georgia. Defendants have sufficient minimum contacts with the State of Georgia to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Georgia and the claims made against

them as well as the minimum contacts purposefully made with the State of Georgia, the exercise of personal jurisdiction here is consistent with the Georgia Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice; and is neither unfair nor unreasonable.

8. This Court alternatively has general personal jurisdiction over Defendants Ward Snider and Walton because each is a citizen of Georgia and each is "at home" in Georgia. Defendant Ward Snider is a limited liability company that is "at home" in the state of its registration or where it has its principal place of business, and Defendant Ward Snider is organized under the laws of the State of Georgia and maintains its principal place of business in Georgia. Defendant Walton is a citizen and resident of Georgia.

## FACTS

9. According to the Georgia Peace Officer Crash Report, on or about January 25, 2021, Defendant Reynolds was driving downhill in the eastbound lane on State Route 26 in an 18-wheeler owned by Defendant Saddle Up ("the Saddle Up vehicle"). Plaintiff was in the berth of the Saddle Up vehicle. Meanwhile, Defendant Walton was traveling in the opposite direction on State Route 26 in an 18-wheeler owned by Defendant Ward Snider ("the Snider vehicle"). The Snider vehicle was traveling uphill in the westbound lane on the State Route 26 when it lost power and began to roll

backwards. Defendant Walton failed to safely remove the Snider vehicle from the roadway and instead steered the Snider vehicle in such a way that its trailer crossed over the center line, into the path of the Saddle Up vehicle. The vehicles collided in the eastbound lane; the Saddle Up vehicle crossed the center line after that collision, crossed the center line, and left the roadway on the north side of the road before coming to an uncontrolled stop when it collided with an embankment.  Plaintiff was severely injured as a result of the crash.

10. At all times material hereto, Defendant Walton was a professional driver with a commercial driver's license. At all times material hereto, Defendant Walton was driving a commercial motor vehicle in intrastate commerce and was subject to not only Georgia traffic laws and trucking safety regulations, but also to the Federal Motor Carrier Safety Regulations.

11. Defendant Walton was acting in the course and scope of his employment with Ward Snider and acting in furtherance of Ward Snider's business at the time of the crash.

## CAUSES OF ACTION

### COUNT ONE
**Negligence and *Negligence Per Se***
**(Defendant Walton)**

12. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this complaint for damages as if each were fully set forth herein in their entirety.

13. Defendant Walton committed acts of omission and commission, collectively and severally, constituting negligence which was a proximate cause of the incident that makes the basis of this suit and of Plaintiff's damages.

14. Defendant Walton owed a duty to Plaintiff to exercise ordinary care. Defendant Walton's acts and/or omissions of negligence include, without limitation, one or more of the following:

   a. Failing to operate the tractor-trailer in a reasonable and prudent manner;

   b. Failing to inspect the subject vehicle;

   c. Failing to upkeep the subject vehicle;

   d. Failing to control speed;

   e. Failing to pay attention to attendant traffic and driving conditions;

   f. Failing to take proper evasive action as a person of ordinary care would have under the circumstances;

   g. Traveling highways that are unsafe for the abilities of the subject vehicle;

   h. Violating Georgia Motor Vehicle Laws including O.C.G.A §§ 40-6-40 (Vehicles to Drive on Right Side of Roadway) and

      40-6-241 (Failing to Drive with Due Care), both of which constitute *negligence per se*;

    i. Violation of Federal Motor Carrier Safety Regulations including, without limitation: §§ 392.7 (Equipment, inspection and use), 392.22 (Emergency signals; stopped commercial motor vehicles), 396.3 (Inspection, repair, and maintenance), 396.7 (Unsafe operations forbidden), 396.13 (Driver inspection), violations of which constitute *negligence per se*; and

    j. Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances.

15. Each of the above acts and/or omissions constitutes negligence, and each was a proximate cause of the incident that makes the basis of this suit and a proximate cause of the injuries and damages sustained by Plaintiff and the injuries and damages that Plaintiff, in reasonable likelihood, will sustain in the future.

**COUNT TWO**
**Vicarious Liability**
**(Defendant Ward Snider)**

16. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this complaint for damages as if each were fully set forth herein in their entirety.

17. Defendant Ward Snider is liable for Defendant Walton's conduct under the doctrine of *respondeat superior* under O.C.G.A. § 51-2-1 *et seq.* Defendant Walton was employed by Defendant Ward Snider as its

authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant Walton was acting in furtherance of the business of Defendant Ward Snider at the time of the collision and was in the course and scope of his employment or agency with Defendant Ward Snider at the time of the collision.

**COUNT THREE**
**Negligence and *Negligence Per Se***
**(Defendant Ward Snider)**

18. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this complaint for damages as if each were fully set forth herein in their entirety.

19. Defendant Ward Snider committed acts of omission and commission, constituting negligence which was a proximate cause of Plaintiff's damages.

20. Defendant Ward Snider owed a duty to Plaintiff to exercise ordinary care. Defendant Ward Snider's acts and/or omissions of negligence include, without limitation, one or more of the following:

    a. Failing to inspect the subject vehicle;

    b. Failing to upkeep the subject vehicle;

    c. Violation of Federal Motor Carrier Safety Regulations including, without limitation: §§ 392.7 (Equipment,

   inspection and use), 396.3 (Inspection, repair, and maintenance), and 396.7 (Unsafe operations forbidden) violations of which constitute *negligence per se*; and

  d. Otherwise failing to act reasonably and prudently as a professional commercial carrier should under the circumstances.

21. Each of the above acts and/or omissions constitutes negligence, and each was a proximate cause of the incident that makes the basis of this suit and a proximate cause of the injuries and damages sustained by Plaintiff and to be sustained by Plaintiff in the future.

**COUNT FOUR**
**Direct Action**
**(Defendant Progressive)**

22. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this complaint for damages as if each were fully set forth herein in their entirety.

23. Defendant Progressive was transacting business in Chattahoochie, Georgia on the date of the collision described in this Complaint.

24. Defendant Progressive provided liability insurance coverage for the Snider vehicle that was involved in the collision described in this complaint and to Ward Snider employees and/or agents, including Defendant Walton. Defendant Progressive agreed to provide liability

insurance coverage to Defendant Ward Snider in consideration for the payment of insurance premiums.

25. Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third party beneficiary to the liability insurance agreement between Defendants Progressive and Ward Snider. Pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140(d)(4), Defendant Progressive is subject to this Direct Action.

26. Plaintiff Najera is entitled to receive payments from Defendant Progressive for the tort liability of Defendants Ward Snider and Walton.

## DAMAGES

27. As a result of the subject crash, Plaintiff has suffered in the past, and will likely suffer in the future, damages including physical pain and suffering, mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

28. Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## CONDITIONS PRECEDENT

29. All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## JURY DEMAND

30. Plaintiff requests a jury trial and tenders the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set for a trial before a jury, and that Plaintiff recover judgment of and from the Defendants for her actual and exemplary damages, in such an amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, costs of suit, and other and such further relief to which Plaintiff may justly show herself entitled, whether at law or in equity.

DATED this 6th day of May, 2022.

Respectfully Submitted,

WATTS GUERRA LLP
4 Dominion Drive
Building 3 - Suite 100
San Antonio, Texas 78257
210.447.0500 Telephone
210.447.0501 Facsimile

By: /s/ Russell T. Abney
    RUSSELL T. ABNEY

        Georgia State Bar No. 000875
        Email: rabney@wattsguerra.com
        FRANCISCO GUERRA, IV.
        Texas State Bar No. 00796684
        Email:  fguerra@wattsguerra.com
        JENNIFER A. NEAL
        Texas State Bar No. 24089834
        Email:  jneal@wattsguerra.com

and

CHARLES J. RUHMANN IV
State Bar No. 24046767
cruhmann@ruhmannlaw.com
THE RUHMANN LAW FIRM
5915 Silver Springs Dr.
Building 1
El Paso, Texas 79912
Telephone: (915) 845-4529
Facsimile: (915) 845-4534

**ATTORNEYS FOR PLAINTIFF**